LYMAN–ELIEL DRUG COMPANY and Others v. GEORGE B. SPENCER.[1]

November 23, 1897.

Nos. 10,652—(94).

### Insolvency—Removal of Assignee—Appeal—Review of Evidence.

On an appeal from an order denying a motion, made by certain creditors of an insolvent co-partnership, to remove an assignee in insolvency, it is *held* that, as such assignee failed to object in any manner to the introduction at the hearing of the motion of a part or all of the testimony taken when the insolvents disclosed in another matter pertaining to the assignment, such testimony must be regarded on this appeal precisely as if the facts therein testified to and detailed had appeared in an affidavit introduced at the hearing without objection.

### Same—Appeal—Certificate of Judge.

Assuming—without deciding—that the procedure followed in this instance was correct, it is *held*, that it was unnecessary to settle a case or to prepare a bill of exceptions as a basis for an appeal. The proper practice was to procure a certificate of the judge of the court below before whom the motion was heard.

### Same—Sufficiency of Certificate.

*Held*, that this case was properly and sufficiently certified.

Appeal by plaintiffs from an order of the district court for Hennepin county, Elliott, J., denying a motion to remove George B. Spencer as assignee of Arnold & Company, insolvents. Reversed.

*Welch, Hayne & Hubachek, George R. Robinson*, and *Giddings & Pratt*, for appellants.

One in a fiduciary trust must do nothing inconsistent with the interests of the trust, or tending to interfere with his appropriate duties. Burrill, Assignm. §§ 350–410; Clark v. Stanton, 24 Minn. 232; In re Mast, 58 Minn. 313.

*Geo. Burt Spencer*, in pro. per.

In the absence of a settled case or bill of exceptions, the matter cannot be reviewed. Prouty v. Hallowell, 53 Minn. 488; Bazille v. Ullman, 2 Minn. 110 (134); Stone v. Johnson, 30 Minn. 16; Cool-

[1] Reported in 72 N. W. 1066.

baugh v. Roemer, 32 Minn. 445; Osborne v. Williams, 39 Minn. 353; Baker v. Byerly, 40 Minn. 489; Kohn v. Tedford, 46 Minn. 146; Mickelson v. Duluth, 68 Minn. 535; Hazelet v. Holt, 51 Neb. 716. Documents used on the hearing and proceeding had below, including the evidence of the insolvents, can be reviewed in this court only when presented by a bill of exceptions. Prouty v. Hallowell, supra.

COLLINS, J.

Appeal from an order denying a motion, made by certain creditors of an insolvent mercantile co-partnership which had assigned for the benefit of its creditors, to remove the assignee, the respondent, upon the grounds that, as an attorney at law, he had advised, counseled and aided the insolvents in making a fraudulent transfer of property a few days prior to the assignment, and that subsequently to the assignment he had been retained by the insolvents as their attorney and legal adviser, and had appeared as such in open court, and especially had so appeared in the insolvency proceedings upon the hearing of a motion made by certain creditors for the purpose of procuring an order permitting such creditors to participate in dividends without filing releases, at which hearing the insolvents were required to and did disclose under oath as to matters relating to their estate.

No question was raised in the court below, and none has been raised here, as to the method or manner of procedure, which was by motion based upon the files, records and all the proceedings theretofore had in the matter of the insolvent estate. We assume, therefore, for the purposes of this appeal that the procedure adopted was and is strictly regular.

At the hearing counsel for the moving creditors presented the files upon which the disclosure had been had a few days previously, and part or all of the testimony taken at that time. To this the respondent assignee made no objections either as to its admissibility, competency or sufficiency; and as contradicting some of this testimony the assignee introduced his own affidavit then and there made. He treated this testimony as admissible in the manner in

which it was offered, acknowledged its competency, and did not question but that it tended to sustain the motion.

Nor has he on appeal questioned its admissibility and competency. Nor has he contended with any degree of earnestness that from testimony taken at the disclosure, considered in connection with his own affidavit as filed, it did not conclusively appear that he had placed himself in a position inconsistent with the interests of his trust, and that his connection in a professional capacity with the insolvents had a marked tendency to interfere with his duties as assignee. If he had placed himself in this position, it was the duty of the court below to remove him. An assignee who is apparently tied up with adverse interests as much as is this respondent cannot be permitted to retain his trust. See In re Mast, 58 Minn. 313, 59 N. W. 1044.

The only point made by respondent in his brief is that this appeal cannot be considered in the absence of a properly authenticated settled case or bill of exceptions. It is not an appeal in which a settled case or bill of exceptions is necessary. The trial judge certifies as to what files and proceedings were before him upon the hearing, and all are included in the return. Among these is a copy of the proceedings had and the testimony taken at the disclosure, received, as before stated, without objection. Under these circumstances the testimony must be treated and considered by us precisely as if the facts therein testified to and detailed had appeared in an affidavit introduced at the hearing without any objection whatsoever.

The order appealed from is reversed and the case remanded with directions to the court below to remove the respondent and to appoint his successor.